UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ZALA CHAPMAN HOWE,

    Petitioner,

v.                                    Case No. 16-11661
                                       Honorable Victoria A. Roberts

JODI DEANGELO,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY [2],
DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING [3],
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

### I. Introduction

State prisoner Bryan Zala Chapman Howe ("Petitioner") recently filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for operating or maintaining a laboratory involving methamphetamine, Mich. Comp. Laws § 333.7410c(2)(f), and conspiracy to operate or maintain a laboratory involving methamphetamine, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 333.7410c(2)(f). The trial court sentenced Petitioner on September 7, 2012, to two concurrent terms of seven to twenty years in prison.

On appeal from his convictions, Petitioner alleged that: the prosecutor committed misconduct by soliciting inflammatory and irrelevant information, making a civic-duty argument, and soliciting hearsay; evidence of a defense witness's prior conviction was improperly admitted; the trial court denied him the right to present a defense when it prohibited cross-examination of a witness; the trial court erred by

refusing to instruct the jury on addict-informants and "mere presence;" the trial court erred when scoring the sentencing guidelines; and trial counsel was ineffective for failing to object to a witness's testimony, failing to object to hearsay evidence, and soliciting testimony that a witness had been convicted of the same charge. Petitioner raised additional arguments that the Michigan Court of Appeals found to be wholly without merit. The Court of Appeals affirmed Petitioner's convictions in an unpublished decision, *see People v. Howe*, No. 313143, 2014 WL 2118160 (Mich. Ct. App. May 20, 2010), and on November 25, 2014, the Michigan Supreme Court denied leave to appeal. *See People v. Howe*, 497 Mich. 905; 856 N.W.2d 22 (2014). On March 31, 2015, the state supreme court denied reconsideration. *See People v. Howe,* 497 Mich. 985; 861 N.W.2d 2 (2015).

Petitioner sought post-appellate relief in the trial court where he raised several issues regarding appellate counsel, hearsay testimony, the prosecutor's conduct, the re-creation of evidence, the jury instructions, "other acts" evidence, the prosecutor's alleged subornation of perjury, trial counsel, and the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015). The trial court denied Petitioner's motion on the basis that some of Petitioner's claims were raised and rejected on direct appeal and that Petitioner could have raised his remaining claims on appeal. *See* Order on Defendant's Mot. for Post-Appellate Relief (Marquette Cty. Cir. Ct. Jan. 14, 2016).

On May 9, 2016, Petitioner filed his habeas corpus petition in this Court, along with a motion for a stay and a motion for an evidentiary hearing. Petitioner asserts as

grounds for relief in his habeas petition that: (1) the trial court constructively amended the charging document; (2) the trial court deprived him of a fair trial when it overruled a timely objection to hearsay testimony; (3) the prosecutor suborned perjury; (4) the trial court unreasonably applied the law when it allowed propensity testimony; (5) the trial court unreasonably applied well-established law when it allowed the prosecutor to use an exhibit as substantive evidence and when the court provided the exhibit to the deliberating jurors; (6) the prosecutor denigrated Petitioner's character, vouched for his witnesses, and bolstered a key witness's testimony; (7) trial and appellate counsel were ineffective; and (8) the trial court unreasonably suppressed a witness's testimony.

In his motion for a stay, Petitioner contends that his habeas petition is a "mixed" petition of seven unexhausted claims (1 - 7) and one exhausted claim (8). He appears to want a stay while he pursues additional state remedies, such as an appeal from the trial court's decision on his motion for post-appellate relief.

## II.  Discussion

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *Id.* at 845, 847. Thus, to properly exhaust state remedies, a

prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner contends that his habeas petition is a "mixed" petition of exhausted and unexhausted claims. A federal court ordinarily may not adjudicate "mixed" petitions and must, instead, dismiss the petition without prejudice so that the petitioner can return to state court and present the unexhausted claims to the state court in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (explaining the Court's holding in *Rose v. Lundy*, 455 U.S. 509 (1982)). But the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to file habeas corpus petitions. *See* 28 U.S.C. § 2244(d). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. at 275. For example, "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period ends are slim." *Id.*

To solve this problem, some courts have adopted a "stay-and-abeyance" procedure whereby a court holds a habeas petition in abeyance while the petitioner returns to state court to exhaust state remedies for previously unexhausted claims. *Id.* at 275. After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," *id.* at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. In such circumstances, the district court should stay, rather than dismiss, the mixed petition because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

Petitioner does not appear to be engaged in dilatory litigation tactics, and his unexhausted claims are not plainly meritless. Furthermore, he appears to allege "cause" for his failure to exhaust state remedies for all his claims on direct appeal by asserting that appellate counsel ignored the issues which Petitioner advocated.

The Court concludes that it is not an abuse of discretion to stay this case. The Court therefore grants Petitioner's motion to hold his habeas petition in abeyance (ECF No. 2) and denies as moot Petitioner's motion for an evidentiary hearing (ECF No. 3). The stay is conditioned on Petitioner filing an amended habeas corpus petition and a motion to re-open this case within ninety days of exhausting state remedies. These items shall contain the same case number that appears on this order. And because amended pleadings generally supersede the original pleadings, *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014), the amended habeas petition must include all the claims that Petitioner wants the Court to consider.

Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*,

135 S. Ct. 1403 (2015).  Finally, the Court orders the Clerk of the Court to close this case for administrative purposes.

S/Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: 6/15/2016