UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ZALA CHAPMAN HOWE,

       Petitioner,

v.

       Case No. 16-11661
       Honorable Victoria A. Roberts

KATHLEEN OLSON,

       Respondent.

_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION TO ENJOIN** (Dkt. #14)**,
DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT** (Dkt. #18)**,
DENYING PETITIONER'S MOTION FOR DISCOVERY** (Dkt. #19)**,
DENYING PETITIONER'S MOTION FOR A BRIEFING SCHEDULE** (Dkt. # 20)**,
AND GRANTING PETITIONER'S MOTION TO CORRECT A DEFECT** (Dkt. #23)

**I. Introduction**

This matter initially came before the Court on state prisoner Bryan Zala Chapman Howe's *pro se* habeas corpus petition under 28 U.S.C. § 2254. (Dkt. #1). The petition challenges Petitioner's state convictions for operating or maintaining a methamphetamine laboratory, Mich. Comp. Laws § 333.7401c(2)(f), and conspiracy to operate or maintain a methamphetamine laboratory, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 333.7401c(2)(f). The trial court sentenced Petitioner on September 7, 2012, to two concurrent terms of seven to twenty years in prison. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Howe*, No. 313143, 2014 WL 2118160 (Mich. Ct. App. May 20, 2014) (unpublished), and on November 25, 2014, the Michigan Supreme Court denied leave to appeal. *See People v. Howe*, 497 Mich. 905; 856 N.W.2d 22 (2014).

Petitioner commenced this action on May 9, 2016. At his request, the Court stayed the federal proceedings and closed this case so that Petitioner could pursue additional state remedies. (Dkt. #5).

Petitioner then filed a motion for post-judgment relief in the state trial court. The trial court denied his motion, see People v. Howe, No. 12-50377-FH (Marquette Cty. Cir. Ct. Jan. 14, 2016), and the Michigan Court of Appeals denied leave to appeal because Petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. See People v. Howe, No. 332572 (Mich. Ct. App. Sept. 27, 2016). On May 31, 2017, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under the Michigan Court Rules. See People v. Howe, 500 Mich. 1000; 895 N.W.2d 512 (2017).[1]

On July 14, 2017, Petitioner returned to this Court with a filing fee of $5.00, an amended petition (Dkt. #11), and a motion to re-open this case (Dkt. #9). The Court granted Petitioner's motion to re-open this case and ordered the Clerk of the Court to refund $5.00 to Petitioner because a second filing fee was unnecessary. (Dkt. #12). The State subsequently filed an answer to the petition in which it argues that Petitioner's claims are not cognizable on habeas review, are procedurally defaulted, lack merit, or were reasonably rejected by the state court. The State also maintains that any trial errors were harmless. (Dkt. #16).

---

[1] Justice Kurtis T. Wilder did not participate in the decision because he was on the Court of Appeals panel.

Currently before the Court are five motions that Petitioner filed. The State has not filed an answer to the motions, but in its answer to the petition, it opposes granting any type of relief to Petitioner, including permission to conduct discovery.

## II. Discussion

### A. The Motion to Enjoin (Dkt. #14)

In his motion to enjoin, Petitioner alleges that he has not received the $5.00 which the Court ordered the Clerk of the Court to refund to him on August 7, 2017. He contends that the Michigan Department of Corrections may be interfering with, or resisting and obstructing, the Court's order. Therefore, he seeks an order that compels the Michigan Department of Corrections to place $5.00 in his prison trust fund account.

The Court recently consulted its financial office and learned that the financial office never received a copy of the order directing it to refund $5.00 to Petitioner. Now that the financial office is aware of the order, it is processing the order and preparing to refund the money to Petitioner. The delay in refunding the money is not the fault of the Michigan Department of Corrections. The Court, therefore, denies Petitioner's motion to enjoin the Department of Corrections.

### B. The Motion for Summary Judgment (Dkt. #18)

In his dispositive motion, Petitioner seeks a partial summary judgment on his first claim, which alleges that there was a variance between the trial court's preliminary jury instructions and the court's final jury instructions. Petitioner claims that the trial court altered the elements of the crime by adding the word "attempt" to the jury instructions even though he was not charged with attempt to commit a crime.

The Court must grant a motion for summary judgment or partial summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This rule applies to habeas proceedings, *Harris v. Stegall*, 157 F. Supp.2d 743, 746 (E.D. Mich. 2001), but even assuming there is no factual dispute about the trial court's jury instructions, the Court is not persuaded at this juncture that Petitioner is entitled to judgment as a matter of law. The issue can be resolved with Petitioner's other claims in the Court's dispositive opinion, which will follow after the Court takes a closer look at the record and the applicable law. The Court denies Petitioner's motion for a partial summary judgment.

### C. The Motion for Discovery (Dkt. #19)

Petitioner seeks appointment of an investigative expert and permission to conduct discovery on whether the prosecutor failed to correct false testimony. Petitioner also seeks permission to submit interrogatories to the prosecuting attorney who was assigned to his criminal case.

The matter in dispute is a prosecution witness's testimony that his only previous criminal charge was one for domestic violence. *See* 8/1/12 Trial Tr. at 344, Dkt. #17-4, PageID. 822. Petitioner claims that the witness actually had twenty-seven previous charges and that the prosecutor suborned perjury when he failed to correct the witness's testimony about his prior record.

Habeas petitioners are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Although "[a] judge may, for good cause, authorize a party to conduct discovery," *see* Rule 6(a) of the Rules Governing Section 2254 Cases,

4

this rule "makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909.

Here, Petitioner has already discovered and submitted to the Court what appears to be a copy of the disputed witness's criminal record. *See* Mot. for Discovery, Ex. A, Dkt. #19, PageID. 1978. Although Petitioner wants an investigative expert to determine whether the prosecutor was aware of all the charges made against his witness, the witness ultimately admitted at trial that he had been charged with a few other crimes, *see* 8/1/12 Trial Tr. at 373, Dkt. #17-4, PageID. 851, and Petitioner concedes that many of the charges were dropped or dismissed. *See* Brief in Support of Mot. for Discovery, p. 1, Dkt. #19, PageID. 1981. The Court therefore denies Petitioner's motion for discovery and for appointment of an investigative expert. The Court also denies Petitioner's request for permission to submit interrogatories to the prosecuting attorney assigned to his criminal case.

### D.  The Motion for a Briefing Schedule (Dkt. #20)

Petitioner seeks a briefing schedule to establish his responsibilities and to indicate when it may be appropriate to respond to the magistrate's rulings on motions filed in this case. Petitioner has already filed a reply to Respondent's answer to the petition, and the only pending motions in this case are Petitioner's motions. Furthermore, the Court has not referred this case to the Magistrate Judge. The Court denies as unnecessary Petitioner's motion for a briefing schedule.

### E.  The Motion to Correct a Defect (Dkt. #23)

In his fifth and final pending motion, Petitioner states that he misrepresented the facts in his pleadings when he wrote that his trial began on a Monday, continued for two

and half days, and was followed by two and half days of jury deliberations. Petitioner now believes that his trial began on a Tuesday and that the jury deliberated for only one and a half days, not two and a half days. He states that he did not intend to deceive the Court and that he simply did not correctly recall the actual number of days that his jury deliberated.

The state-court record indicates that the trial did begin on a Tuesday, *see* 7/31/12 Trial Tr. at 1, Dkt. #17-3, PageID. 479, and that the jury began its deliberations on the following Thursday at 12:44 p.m., *see* 8/2/12 Trial Tr. at 631, Dkt. #17-5, PageID. 1110. The jury reached its verdict on the next day, Friday, August 3, 2012, shortly before 4:30 p.m. *See* 8/3/12 Trial Tr. at 669-71, Dkt. #17-6, PageID. 1148-50.

Petitioner has accurately corrected his prior statement of the facts to show that the jury deliberated his case for one and a half days. Accordingly, the Court grants his motion to correct a defect in his pleadings.

### III. Order

To summarize, and for the reasons given above, the Court denies the following four motions: Petitioner's motion to enjoin (Dkt. #14), his motion for summary judgment (Dkt. #18), his motion for discovery (Dkt. #19), and his motion for a briefing schedule (Dkt. #20). The Court grants Petitioner's motion to correct a defect in his pleadings (Dkt. #23).

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2018