UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ZALA CHAPMAN HOWE,

    Petitioner,

v.                                                        Case No. 16-11661
                                                              Honorable Victoria A. Roberts

KATHLEEN OLSON,

    Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD [26]**

      This is a habeas corpus case in which petitioner Bryan Zala Chapman Howe challenges his state convictions for operating or maintaining a methamphetamine laboratory, Mich. Comp. Laws § 333.7401c(2)(f), and conspiracy to operate or maintain a methamphetamine laboratory, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 333.7401c(2)(f). On September 7, 2012, the trial court sentenced Petitioner to two concurrent terms of seven to twenty years in prison. The state courts affirmed Petitioner's convictions and sentence on direct appeal, and Petitioner was unsuccessful during subsequent post-conviction proceedings in state court. He seeks the writ of habeas corpus on several grounds, one of which alleges that the prosecutor suborned perjury when he failed to correct Aaron Joseph Armatti's trial testimony about Armatti's criminal history.

      Currently before the Court is Petitioner's motion to expand the record to include a document that purports to be Armatti's criminal history. Armatti was an important prosecution witness who testified at Petitioner's trial that his only previous criminal charge was one for domestic violence. *See* 8/1/12 Trial Tr. at 344, Dkt. #17-4, PageID. 822. The

document that Petitioner wants the Court to consider lists other criminal charges that Armatti incurred and their dispositions. *See* Mot. to Expand the Record, Ex. A, Dkt. #26, PageID. 2056. According to Petitioner, Armatti's criminal history proves that the prosecutor knew Armatti's testimony about his criminal record was false, but failed to correct the testimony. The State did not file an answer to Petitioner's motion, but in its answer to the amended petition, it urges the Court to deny the petition and any other relief that Petitioner seeks. *See* Answer in Opp'n to Amended Pet., Dkt. #16, PageID. 452.

The Rules Governing Section 2254 Cases in the United States District Courts allow for expansion of the record. *See* Habeas Rule 7(a) ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.") The type of materials that may be submitted include documents and exhibits. Habeas Rule 7(b).

Petitioner submitted Armatti's criminal history to the state trial court on collateral review of his conviction. *See* Amendment under MCR 6.502(F), Ex. H., Dkt. #17-10, PageID. 1272-73. Thus, Armatti's criminal record is already a part of the record before the Court. It is also related to Petitioner's second ground for relief, which alleges that the prosecutor suborned perjury when he failed to correct Armatti's testimony about his criminal record. Accordingly, the Court grants Petitioner's motion to expand the record. (Dkt. #26).

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Dated: 2/25/19  UNITED STATES DISTRICT JUDGE